UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRANDON ALEXANDER FAVOR, aka
BRANDON FAVOR-EL,

        Petitioner,

    v.

DAVE DAVEY, Warden,

        Respondent.

No. 1:15-cv-00973-LJO-SKO HC

**FINDINGS AND RECOMMENDATIONS
RECOMMENDING THAT THE
COURT DISMISS THE PETITION
FOR WRIT OF HABEAS CORPUS
FOR LACK OF JURISDICTION**

**(Doc. 12)**

      Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleges that he was wrongly disciplined for an incident in which he was accused of battery on a peace officer and that his due process rights were violated when he was denied an investigative assistant. Respondent contends that the District Court lacks habeas jurisdiction to address Petitioner's claim. The undersigned agrees that recent case law clarified that Petitioner's claims are properly brought in an action pursuant to 42 U.S.C. § 1983 and recommends that the Court dismiss the petition for lack of jurisdiction.

**I.**    **Procedural and Factual Background**

      On July 30, 2008, a jury convicted Petitioner of counts (1) 1st degree murder (Cal. Penal Code § 187(A)), (2 and 3) two counts of attempted murder (Cal. Penal Code §§ 664 and 187(A)), and (4 and 5) 2nd degree robbery ( Cal. Penal Code § 211). On April 7, 2009, the Los Angeles

1

County Superior Court sentenced Petitioner to an indeterminate term of life without the possibility of parole on count one and consecutive terms of life with the possibility of parole on counts 2 and 3.

On June 14, 2014, Petitioner, then confined at the Richard J. Donovan Correctional Center at San Diego, California, was disciplined following an argument with a fellow inmate, Mr. Williams, that escalated to a physical confrontation. Williams took offense when Petitioner brushed against Williams in an attempt to hurry to breakfast. As Correctional Officer R. Allan arrived on the scene, Williams threw a punch at Petitioner. Petitioner contends that the punch did not connect; Allan reported that Williams actually struck Petitioner. In any event, Allan ordered both inmates to "prone out" on the ground. Williams lay down, but Petitioner remained standing. Allan again ordered Petitioner down and threatened to use pepper spray if Petitioner did not comply. According to Allan, Petitioner repeatedly struck Allan on his face and upper body, inflicting facial cuts and bruises, a fat lip, and various cuts on Allan's upper body before Allan was able to restrain Petitioner physically. Although the photocopies of photographs submitted to the Court are unclear, the disciplinary hearing officer found that the photographs of Allan documented his injuries. Petitioner denies that he struck Allan and argues that he did not commit battery upon a peace officer because he did not hit Williams back. Petitioner was cited for battery on a peace officer resulting in use of force (CCR § 3005(d)(1)).

In a written statement, Allan confirmed that he did not see Petitioner strike Williams. Williams admitted he struck Petitioner who continued to advance on him. Additional witnesses confirming Allan's account included Correctional Officer L. Romero, Correctional Officer Adams, and Correctional Sergeant Smith.

Following a disciplinary hearing, Petitioner was found guilty and assessed 150 days of worktime credit and 90 days of Group "C" privilege (7/18/2014-10/16/2014), and was referred to

the Institutional Classification Committee with a recommendation for assessment of a Security Housing Unit (SHU) term. Petitioner filed institutional appeals, all of which upheld the disciplinary hearing.

On August 27, 2014, the San Diego County Superior Court denied Petitioner's petition for writ of habeas corpus. The California Court of Appeals denied the petition on October 31, 2014. The California Supreme Court summarily denied the petition on September 30, 2015.

## II.     No Habeas Relief for Indeterminate Sentences

The instant petition requires the Court to analyze recent case law addressing whether losses of good time credits in prison disciplinary proceedings are properly addressed in habeas corpus or in § 1983 civil rights actions.

In *Nettles v. Grounds* (788 F.3d 992 (9th Cir. 2015), rehearing *en banc* granted __ F.3d __, 2016WL386022 (9th Cir. Jan. 20, 2016)), the Ninth Circuit Court of Appeals sought to resolve the ambiguity of when an inmate seeking return of good time credits lost in a disciplinary action must pursue a habeas corpus petition under 28 U.S.C. § 2254 and when he must file a § 1983 complaint. "[R]elief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody, which *Skinner* [*v. Switzer*, 562 U.S. 521(2011)] suggested would include termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." *Nettles*, 788 F.3d at 1001 (quoting *Skinner*, 562 U.S. at 533-34).

Nettles, who had been sentenced to life with the possibility of parole, sought restoration of 30 lost good time credits and expungement of the rule violation that resulted in the lost credits. 788 F.3d at 995-96. The Ninth Circuit opinion concluded that habeas jurisdiction was not established because neither restoring the lost credits nor expunging the rule violation would necessarily result in Nettles' being released from prison more quickly. *Id.* at 1002-04. The Court

denied habeas jurisdiction because of Nettles' indeterminate sentence: "Without knowing how many years Nettles will serve before the Board finds him suitable for parole or the length of his base term, we cannot conclude that the restoration of the lost good-time credits would necessarily affect the duration of Nettles' confinement if and when the Board finds him suitable for parole." *Id.* at 1004.

The Ninth Circuit also rejected the reasoning that expunging the disciplinary violation would necessarily reduce Nettles' term by removing "roadblocks to parole." *Id.* at 1003. The court reasoned that the effect of expunging the rule violation and restoring the lost credits was insufficient to provide habeas jurisdiction:

> While the 2008 rules violation report will likely have some effect on the Board's consideration, there is no basis for concluding that the expungement of this report from the record will "necessarily spell speedier release for Nettles." *See Skinner*, 131 S.Ct. at 1299 n. 13. Nor will it necessarily terminate Nettles's custody, accelerate the future date of his release, or reduce his level of custody. *See id.* The effect of a rules violation on parole suitability is a matter of state law and regulation, and, under California law, a rules violation is merely one factor the parole board considers to determine whether a prisoner "constitutes a current threat to public safety." *Lawrence*, 82 Cal.Rptr.3d 169. . .; it is not determinative, *see* Cal. Code regs. Tit. 15, § 2281(b) (directing the parole board to consider "[a]ll relevant, reliable information" in determining suitability for parole). . . . . Even if successful, Nettles "will not necessarily shorten the length of his confinement" because "[t]he parole board will still have the authority to deny . . . parole on the basis of any of the grounds presently available to it in evaluating such a request." *See Ramirez*, 334 F.3d at 859 (first alteration in original) (internal quotation marks omitted). As *Close* pointed out, even when a challenge to prison disciplinary proceedings "***may*** affect the duration of time to be served (by bearing on the award or revocation of good-time credits)," where "it is not necessarily so," a challenge to such proceedings "raises no claim on which habeas relief could have been granted." 540 U.S. at 754-55 . . . (emphasis added). Therefore, this claim is not cognizable in habeas.

> *Nettles*, 788 F.3d at 1003-04.

Here, Petitioner is subject to an indeterminate sentence of life without parole. Because restoring Petitioner's lost good-time credits and expunging the disciplinary findings are

///

4

unlikely to result in an earlier release date, habeas jurisdiction is not available for Petitioner's claims.

**III.    Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A)   the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B)  the final order in a proceeding under section 2255.
>
> (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate

"something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

## IV.     Conclusion and Recommendation

The undersigned RECOMMENDS that the Court dismiss with prejudice the Petition for writ of habeas corpus and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **twenty one (21) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **seven (7) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated: __**March 2, 2016**__                          _____**/s/ Sheila K. Oberto**____
                                                                UNITED STATES MAGISTRATE JUDGE